IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

**SLOCUMB LAW FIRM, LLC**  )
145 E. Magnolia Ave.  )
Auburn, AL 36830  )
　　　　　　　　　　　　　　)
　　　　**Plaintiff,**　　　　)
　　　　　　　　　　　　　　)　　Case No.: 3:15-CV-237-MHT-TFM
v.　　　　　　　　　　　　　)
　　　　　　　　　　　　　　)
**8X8, INC.**　　　　　　　　)
2125 O'Nel Dr.　　　　　　　)　　**DEMAND FOR JURY TRIAL**
San Jose, CA. 95131　　　　　)
　　　　　　　　　　　　　　)
　　　　**Defendant.**　　　　)

## COMPLAINT

### INTRODUCTION

This is an action by Plaintiff Slocumb Law Firm, LLC ("Plaintiff" or "SLF") against Defendant 8x8, Inc. ("Defendant") for fraud, breach of contract, violations of the Alabama Deceptive Trade Practices Act, and negligence, and alleges as follows on personal knowledge to its acts and experiences, and as to other matters, upon information and belief and/or which are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, as grounded in the investigation of its attorneys.

### PARTIES

1. Plaintiff was a limited liability corporation incorporated under the laws of State of Alabama at all times material to the issues in this case.

2. On information and belief, Defendant was corporation incorporated under the laws of Delaware with its principal place of business in San Jose, California.

Defendant operates throughout the county, including the state of Alabama.

## JURISDICTION AND VENUE

3. Plaintiff is a citizen of Alabama and Defendant is a citizen of California. Therefore, diversity of citizenship exists, as required by 28 U.S.C. §§ 1332(a)(1), (d)(2)(A).

4. Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(a) because, as set forth below, Defendant conducts business in, and may be found in, this district, and Plaintiff purchased the subject Product of this action in this judicial district

## FACTS

5. Defendant 8x8, Inc. is a software-based communications providers, offering commercial communication services including a Cloud-based VoIP business phone system offering enterprise-class features such as auto attendants, music on hold, conference bridge. and ring groups, plus unlimited local and long distance calling.

6. Plaintiff is a personal injury law firm with offices in Alabama and Washington, D.C. Plaintiff engages in a sophisticated television marketing campaign, which generates a substantial volume of incoming phone calls from potential clients. The SLF represents individual clients on a contingency fee basis, earning a pre-established percentage of the client's eventual recovery. In this capacity, the SLF has recovered over seventy-five million dollars for injured clients since its inception in 2008, and earned over eight million dollars in fees in 2014.

7. On or about March of 2013, Plaintiff entered into an agreement with the Defendant pursuant to which Defendant would provide to Plaintiff the 8x8 Virtual Office is a cloud-based phone system for its business use.

2

8. At this time, Defendant specifically represented that it would provide Plaintiff with (a) reliable cloud based voice over internet protocol phone hosted service; and (b) reliable routing of incoming calls.

9. In exchange for the provision and ongoing maintenance and implementation of the 8x8 Virtual office system, Plaintiff would pay Defendant an established monthly rate based on the number of active SLF employees utilizing the system.

10. The 8x8 Virtual Office system was to include various features, including unlimited local and long distance calling, call hold and parking, ring groups, advanced call forwarding and call transfers, as well as unlimited call parking.

11. Critically, the 8x8 Virtual Office system was to allow an unlimited number of incoming calls, including potentially lucrative client intake calls, to be parked on the system, utilizing a reiterative sequence of ring groups.  First, all incoming calls were to be forwarded to the initial ring group, which included SLF receptionists.  If no receptionists were available, then all incoming calls were to be forwarded to the second ring group, consisting of all SLF administrative personnel in the Alabama office.  If no members of the second ring group were available, all incoming calls were to be forwarded to the third ring group, which consisted of all SLF personnel in the Washington, DC office.  If no members of the third ring group were available, all incoming calls would be cycled back to the first ring group, thus establishing an infinite feedback loop until an SLF staff member was available to take the call.

12. At no point should any call have been dropped or sent to voicemail before speaking directly with SLF personnel.

3

13. Notwithstanding this agreement, on various occasions incoming calls to the SLF were dropped or sent directly to voicemail without completing the ring group process detailed above.

14. Since at least February 2014, 8x8, Inc. has allowed calls to be dropped before they can be placed on hold, and has not provided sufficient extensions at which to park calls.

15. On numerous occasions, the SLF has brought these issues to 8x8, Inc's attention, but 8x8, Inc. has been unable, or unwilling, to resolve the issues in a satisfactory manner.

16. As a direct result of this failure, the SLF lost numerous potential intakes, which would have generated significant fees for the firm.

## COUNT ONE
### (Breach of Contract)

17. Plaintiff re-alleges, adopts and incorporates herein by reference as a part of this Count all of the averments of paragraphs above completely as if the same were set forth verbatim herein.

18. At all material times, the SLF was in compliance with all material aspects of the agreement between Plaintiff and Defendant.

19. Defendant failed to perform under the terms of the agreement between the parties by allowing incoming calls to be dropped and/or sent to voicemail without cycling through the ring groups as was required.

20. Further, Defendant failed to provide other agreed-upon services that were material to the SLF's decision to enter into the agreement, including unlimited call parking and unlimited local and long-distance outgoing calls.

4

21. As a result of Defendant's failure to perform under the terms of the Contract, and Defendant's breach of the same, Plaintiff lost innumerable potential client intakes, which would have yielded substantial attorney's fees.

22. As a direct and proximate result of Defendant's breach, Plaintiff has incurred great expense, a loss of brand value, a loss of consumer goodwill, and other reputational harms.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendant in an amount to be determined at trial but to exceed $75,000.00, court costs, and attorney's fees to which Plaintiff is entitled; punitive damages in such an amount as this Court may determine; and any such other relief that the Court may deem proper.

## COUNT TWO
### (Alabama Deceptive Trade Practices Act - Ala. Code § 8-19-1, *et. seq.*)

23. Plaintiff re-alleges, adopts and incorporates herein by reference as a part of this Count all of the averments of paragraphs above completely as if the same were set forth verbatim herein.

24. Plaintiff is informed and believes, and thereon alleges, that Defendant engaged in extensive national marketing and advertising of its services, which included many instances in which Defendant made misrepresentations regarding the efficacy and quality of its services.

25. This cause of action is brought on behalf of Plaintiff and members of the general public pursuant to the Alabama Deceptive Trade Practices Act (ADTPA), which prohibits certain unlawful trade practices.  Ala. Code § 8-19-1, *et. seq.*

26. Defendant engaged in unlawful trade practices under the ADTPA by falsely representing that it would provide Plaintiff with (a) reliable cloud based voice

over internet protocol phone hosted service; and (b) reliable routing of incoming calls.

27. In so doing, Defendant violated the ADTPA by:

    A. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities that they do not have or that a person has sponsorship, approval, status, affiliation, or connection that he or she does not have; Ala. Code § 8-19-5(5).

    B. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; Ala. Code § 8-19-5(7).

28. At all material times, Defendants knew that their representations, described in detail above were false and misleading, and would be material to a reasonable consumer.

29. Defendants' practices related to the marketing, promotion, and distribution of the product, in such manner as set forth in detail above, constitute willful unfair and/or deceptive business. Plaintiff and members of the general public were and are likely to be deceived by Defendants as set forth herein.

30. The utilization of such willful unfair business acts and practices was and is under the sole control of Defendants, and was fraudulently and deceptively hidden from members of the general public in their advertising, promotion and/or marketing of the products.

31. The ADTPA authorized a private right of action, with potential recovery of treble damages for each violation. Ala. Code § 8-19-10.

WHEREFORE, PREMISES CONSIDERED, and pursuant to the ADTPA, Plaintiff seeks statutory damages, treble damages, and actual damages, to the fullest extent available by law, as well as restitution, injunctive relief and other relief as this Court deems just and equitable, and litigation costs and attorneys' fees.

## COUNT THREE
### (Fraud)

32. Plaintiff re-alleges, adopts and incorporates herein by reference as a part of this Count all of the averments of paragraphs above completely as if the same were set forth verbatim herein.

33. On various occasions, both prior to entering into the agreement and subsequent to entering into the agreement, Defendant, through its representatives, made false statements and misrepresentations to Plaintiff, as set forth above, concerning his concerning the services offered by the 8x8 Virtual Office product, especially concerning the product's ability to handle Plaintiff's substantial incoming call volume.

34. Plaintiff reasonably relied to their detriment upon Defendant's false statements and misrepresentations. As the intended, direct and proximate result thereof, Plaintiff was harmed, and continues to suffer harm, for which Defendant is liable.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendant in an amount to be determined at trial but believed to exceed $75,000.00, court costs, and attorney's fees to which Plaintiff is entitled; punitive damages in such an amount as this Court may determine; and any such other relief that the Court may deem proper.

## COUNT FOUR
### (Negligence)

35. Plaintiff re-alleges, adopts and incorporates herein by reference as a part of this Count all of the averments of paragraphs above completely as if the same were set forth verbatim herein.

36. At all material times, Defendant assumed a duty to reasonably provide

reliable hosted services Plaintiff.

37. Defendant negligently failed to provide such services, causing Plaintiff serious detriment, financial damages, and lost business opportunity.

38. As a direct and proximate result of Defendant's negligence, Plaintiff SLF was caused to miss out on a significant volume of client intake calls. Such calls would have yielded significant revenue for the Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendant in an amount to be determined at trial but believed to exceed $75,000.00, court costs, and attorney's fees to which Plaintiff is entitled; punitive damages in such an amount as this Court may determine; and any such other relief that the Court may deem proper.

**A JURY TRIAL IS HEREBY DEMANDED ON ALL COUNTS**

Dated: April 10, 2015

Respectfully submitted,

Michael W. Slocumb (SLO010)
SLOCUMB LAW FIRM, LLC
777 6th Street NW, Suite 200
Washington, D.C. 20001
Tel. No. (202) 737-4141
Fax No. (334) 321-0131
*Attorney for Plaintiff*